## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GOTTSCHALKS INC., | ) | |
| a Delaware corporation,[1] | ) | Case No. 09-10157-KJC |
| | ) | |
| Debtor. | ) | Objection Deadline: July 14, 2009 @ 4:00 p.m. |
| | ) | Hearing Date: July 21, 2009 @ 2:00 p.m. |

## MOTION BY PERFECT FIT INDUSTRIES FOR ALLOWANCE
## AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE
## CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)

Creditor Perfect Fit Industries ("Perfect Fit"), through its undersigned counsel of record, hereby seeks an order allowing it an administrative priority claim in an amount not less than $22,490.00 pursuant to 11 U.S.C. § 503(b)(9) for the value of goods sold by Perfect Fit and received by Gottschalks Inc. ("Debtor") within 20 days prior to the commencement of this case. To the extent any of such goods were actually received by the Debtor post-petition, Perfect Fit seeks an allowed administrative claim for the value of those goods pursuant to 11 U.S.C. § 503(b)(1). In support of this Motion, Perfect Fit respectfully represents as follows:

### BACKGROUND

1.        On January 14, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) in the United States Bankruptcy Court for the District of Delaware. No trustee has been appointed in this case, and the Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of each Debtor's federal tax identification number is: Gottschalks Inc. (9791). The Debtor's corporate offices are located at 7 River Park Place East, Fresno, California 93720.

2.      This Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

3.      On various dates between December 16, 2008, and the Petition Date, Perfect Fit sold certain goods (the "Goods") to the Debtor in the ordinary course of the Debtor's business.

4.      Upon information and belief and according to Perfect Fit's records, all of the Goods were received by the Debtor within 20 days prior to the Petition Date.

5.      The aggregate value of the Goods is not less than $22,490.00.  A listing of the invoices for the Goods, which remain unpaid, is attached hereto as **Exhibit A**.  True and correct copies of the invoices and proofs of delivery, redacted with respect to pricing information, are attached hereto as **Exhibit B**.

### BASIS FOR REQUESTED RELIEF

Section 503(b)(9) of the Bankruptcy Code provides:

> After notice and a hearing, there shall be allowed administrative expenses … including –
>
>     …
>
> (9) The value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

Because the Goods were received by the Debtor within 20 days before the Petition Date, Perfect Fit is entitled to an administrative expense claim for the value of the Goods.  The invoice price of the Goods, which is not less than $22,490.00, is presumed to be the value of the Goods under § 503(b).  See Bethlehem Steel Corp. v. BP Energy Co. (In re Bethlehem Steel Corp.), 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003); In re Washington-St. Tammany Electric Coop., Inc., 111 B.R. 555, 559 (Bankr. E.D. La. 1989); see also In re PYXSYS Corp., 288 B.R. 309, 318 (Bankr. D. Mass. 2003) (terms of lease used to value benefit conferred under § 503(b)).

2

The Bankruptcy Code does not set forth any requirements regarding the timing of payment of allowed administrative expense claims other than that they must be paid in full on the effective date of any confirmed Chapter 11 Plan. See 11 U.S.C. § 1129(a)(9); see also In re Global Home Products, LLC, 2006 WL 3791955 (Bankr. D. Del. 2006). In Global Home, the Court noted that the timing of the payment of an administrative claim is left to the discretion of the court. See id. at *3.

The circumstances of this case warrants an order directing the immediate payment of Perfect Fit's administrative expense claim in the amount of $22,490.00 against the Debtor for the value of such Goods.

## CONCLUSION

**WHEREFORE,** Perfect Fit prays the Court enter its order as follows:

1.      Granting this Motion;

2.      Allowing Perfect Fit an administrative expense claim in the amount of not less than $22,490.00 pursuant to 11 U.S.C. § 503(b)(9); and

3

3.    Granting Perfect Fit such other and further relief as the Court deems just and proper.

This the 24th day of June, 2009.

Respectfully Submitted,

SULLIVAN HAZELTINE ALLINSON LLC

By: _William G. Hazeltine_____

William A. Hazeltine, Esq.
DE Bar No. 3294
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone: 302-428-8191
Facsimile: 302-428-8195
whazeltine@sha-llc.com

-and-

SHUMAKER, LOOP & KENDRICK, LLP
David H. Conaway, Esq.
Dawn Barker Floyd, Esq.
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: 704-375-0057
Facsimile: 704-332-1197
dconaway@slk-law.com
dfloyd@slk-law.com

Attorneys for Perfect Fit Industries

4