# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **GOTTSCHALKS INC.**, a Delaware corporation,[1] | ) ) | Case No. 09-10157 (KJC) |
| | ) | |
| **Debtor.** | ) ) | Re: Docket Nos. 2225 and 2262 |

## NOTICE OF (A) ENTRY OF ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION (AS AMENDED AS OF FEBRUARY 1, 2011), (B) EFFECTIVE DATE AND (C) BAR DATES FOR CERTAIN ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS AND REJECTION DAMAGE CLAIMS

PLEASE TAKE NOTICE of the following deadlines and information relating to the *Debtor's Chapter 11 Plan of Liquidation (February 1, 2011 Modification)* [Docket No. 2225] (as amended, the "Plan")[2], filed in the above-captioned chapter 11 bankruptcy case of Gottschalks Inc., a Delaware corporation (the "Debtor"):

1. Confirmation of Plan. On February 18, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. 2262] (the "Confirmation Order") confirming the Plan.

2. Effective Date. Pursuant to the Confirmation Order, the Plan became effective in accordance with its terms, and the Effective Date occurred, on February 28, 2011.

3. **Injunctions. Pursuant to the Confirmation Order and the Plan, except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Responsible Person or the Estate, or any property of the Debtor, the Responsible Person or the Estate, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Responsible Person or the Estate, or any property of the Debtor, the Responsible Person or the Estate, with respect to any such Claim or Interest; (c) creating, perfecting or enforcing, directly or indirectly, any Lien or encumbrance or any kind**

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Gottschalks Inc. (9791). The Debtor's mailing address is P.O. Box 28920, Fresno, California 93729.

[2] Certain capitalized terms used herein and not otherwise defined have the meanings ascribed to such terms in the Plan and related Disclosure Statement.

against the Debtor, the Responsible Person or the Estate, or any property of the Debtor, the Responsible Person or the Estate, with respect to any such Claim or Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due the Debtor, the Responsible Person, or the Estate, or any property of the Debtor, the Responsible Person or the Estate, with respect to any such Claim or Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Without limiting the foregoing, the automatic stay provided under Bankruptcy Code Section 362(a) shall remain in effect. Nothing contained in Article 9.A. of the Plan shall prohibit the holder of a timely-filed proof of Claim or Interest from litigating its right to seek to have such Claim or Interest declared an Allowed Claim or Interest and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the holder of such Claim or Interest of any of the obligations of the Debtor or the Responsible Person under the Plan. The Confirmation Order shall also constitute an injunction enjoining any Person from enforcing or attempting to enforce any Right of Action against any present or former shareholder, director, officer, employee, attorney or agent of the Debtor based on, arising from or related to any failure to pay, or make provision for payment of, any amount payable with respect to any Priority Tax Claim on which the payments due under Article 3.F. of the Plan have been made or are not yet due under Article 3.F. of the Plan. Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, the Plan or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the later of (i) the closing of the Chapter 11 Case or (ii) the dissolution of the Debtor.

      4.      **Exculpation and Limitation of Liability**. Pursuant to the Confirmation Order and the Plan, the Debtor, the Creditors' Committee in its capacity as such, the Post-Effective Date Committee in its capacity as such, and any such parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers or agents and any of such parties' successors and assigns, shall not have or incur, and are released from, any claim, obligation, Rights of Action, or liability to one another or to any Claimholder or Interestholder, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of the Debtor's Chapter 11 Case, negotiation and filing of this Plan, filing the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct or gross negligence and except with respect to obligations arising under confidentiality agreements, joint interest agreements and protective orders entered during the Chapter 11 Case, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

      5.      **Administrative Claims and Second Administrative Expense Request Deadline**. Any holder of an Administrative Claim that is not subject to the Bar Date Order (i.e. any Administrative Claim arising after August 24, 2009 (other than Fee Claims)) must file with the

Bankruptcy Court and serve on the (a) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: David L. Buchbinder, Esq.), (b) counsel to the Debtor, O'Melveny & Myers LLP, 400 S. Hope Street, Los Angeles, California 90071 (Attention: Stephen H. Warren, Esq. and Karen Rinehart, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19801, (Attention: Michael J. Merchant, Esq. and Lee E. Kaufman, Esq.) and (c) Debtor and the Responsible Person, Gottschalks Inc., P.O. Box 28920, Fresno, California 93729, (Attention: Mr. J. Gregory Ambro) an Administrative Expense Request no later than **March 30, 2011**. All Administrative Expense Requests must comply with the Bankruptcy Code, the Bankruptcy Rules and all orders on file in the above-captioned cases. **Any holder of an Administrative Claim for the period from August 24, 2009 through the Effective Date that is required to, but does not, file and serve an Administrative Expense Request in accordance with this section may be forever barred from asserting a claim against the Debtor, the Debtor's property or the Debtor's estate.**

6. <u>Fee Claims</u>. All final requests for payment of Fee Claims and all claims of all Persons requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code sections 327, 328, 330, 331, 503(b) or 1103 for services rendered on or before the Effective Date (including any substantial contribution claims) must be filed with the Bankruptcy Court and served on the (a) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: David L. Buchbinder, Esq.), (b) counsel to the Debtor, O'Melveny & Myers LLP, 400 S. Hope Street, Los Angeles, California 90071 (Attention: Stephen H. Warren, Esq. and Karen Rinehart, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19801, (Attention: Michael J. Merchant, Esq. and Lee E. Kaufman, Esq.), (c) counsel to the Official Committee of Unsecured Creditors and Post-Effective Date Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York, 10036 (Attention: Lawrence Gottlieb, Esq. and Michael Klein, Esq.) and Benesch Friedlander Coplan & Aronoff, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801 (Attention: Raymond H. Lemisch, Esq.), and (d) Debtor and the Responsible Person, Gottschalks Inc., P.O. Box 28920, Fresno, California 93729, (Attention: Mr. J. Gregory Ambro) no later than **April 14, 2011**. Any objection thereto must be filed and served on such parties by no later than May 16, 2011. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Fee Claims and expenses shall be determined by the Bankruptcy Court and paid in full in Cash.

7. <u>Rejection Damages Bar Date</u>. If a Claim arises from the rejection of any executory contract or unexpired lease (including claims under section 365(d)(3) of the Bankruptcy Code), then such Claim shall be forever barred and shall not be enforceable against the Debtor or the Estate or such entities' properties unless a proof of claim asserting such Claim is filed with the Bankruptcy Court and served on the Debtors by **March 30, 2011** or such earlier date previously set by order of the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, all such Claims arising from the rejection of executory contracts or unexpired leases shall be treated as General Unsecured Claims under the Plan.

Dated: March 1, 2011  Respectfully Submitted,
    Wilmington, Delaware

*/s/ Lee E. Kaufman*_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302 651-7700
Facsimile: (302) 651-7701

-and-

Stephen H. Warren (*admitted pro hac vice*)
Karen Rinehart (*admitted pro hac vice*)
Jennifer Taylor (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for the Debtor and Debtor-in-Possession*